889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PORZELACK USA, INC., Plaintiff-Appellee,
v.
PORZELACK K.G. & COMPANY, Defendant-Appellant.
 No. 89-2069.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1989.
Decided Nov. 1, 1989.
 
 Bernard J. Cooney, Bernard J. Cooney, P.A., James C. Savage on brief for appellant.
 Arthur P. Caltrider, Jr., Allewalt & Murphy, P.A., on brief for appellee.
 Before HARRISON L. WINTER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 On joint motion of the parties we decide this appeal on the briefs without oral argument. The appeal is from a judgment rendered for plaintiff, a distributor of car wax, and against defendant, a West German manufacturer of the wax. In a non-jury trial, plaintiff prevailed in its claims for breach of contract and for tortious interference with the business relationship between it and its sub-distributors.*
 
 
 2
 We affirm.
 
 I.
 
 3
 The parties signed two contracts on September 2, 1987. Both were dated, however, May 17, 1987. As an issue of fact as well as of law, the district court treated the contract as in effect from and after May 17, 1987, in deciding that defendant's conduct constituted a breach of contract and that plaintiff was entitled to damages for the breach and for tortious interference with its business relationship.
 
 
 4
 We think that the district court correctly construed the contract as effective from May 17, 1987. Its finding that the parties intended this result is not clearly erroneous and it correctly ruled that under the applicable Maryland law, Canaras v. Lift Truck Services, Inc., 272 Md. 337, 322 A.2d 866 (1974), the parties had the right to make their contract retroactive.
 
 
 5
 Given that the contract was deemed in effect on and after May 17, 1987, we agree that defendant's conduct in withholding a shipment of wax constituted a breach of contract. We perceive no justification for the breach. Similarly we think that defendant's conduct with respect to plaintiff's sub-distributors constituted a tortious interference with plaintiff's business relationships.
 
 II.
 
 6
 The remaining issue for decision is that of damages. The district court treated defendant's failure to perform as the functional equivalent of the defendant's right to terminate the contract upon 180 days notice, set forth in the contract, and awarded plaintiff lost profits for the six-month period for both the breach and the tortious interference. We perceive no error in the award. Loss of profits was a correct measure of damages, and we think that the award was based on reliable, competent testimony and reasonable inferences.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The district court also gave plaintiff judgment on defendant's counterclaim. Defendant, however, has not appealed, so we have no occasion to examine this ruling